Marjory C. Greenfield v. Commissioner.
Greenfield v. Commissioner
Docket No. 595-65.
United States Tax Court
T.C. Memo 1965-203; 1965 Tax Ct. Memo LEXIS 125; 24 T.C.M. (CCH) 1071; T.C.M. (RIA) 65203; July 26, 1965
*125 Marjory C. Greenfield, pro se, 1350 Midvale Ave., Los Angeles, Calif. Donald P. Chehock, for the respondent. RAUM
Memorandum Findings of Fact and Opinion RAUM, Judge: The Commissioner determined a deficiency in the amount of $193.50 in petitioner's 1963 income tax, stating that there was a claimed overpayment of $182.30 that will be taken into consideration in the final disposition of her case, leaving a net additional tax of $11.20. The parties have filed a stipulation of facts. Petitioner resides in Los Angeles, California, and filed her 1963 Federal income tax return with the district director of internal revenue at Los Angeles. The deficiency was determined as a consequence of the disallowance of certain deductions claimed by petitioner on that return. Petitioner is a clerk and reported total gross income in the amount of $3,100.50 as wages. She reported no income of any other kind. She claimed itemized deductions in the aggregate amount of $1,233. The Commissioner disallowed certain of those deductions, thus bringing the amount allowable to less than ten percent of her adjusted gross income, and therefore recomputed her tax by means of the tax table which *126 in effect gives the taxpayer the benefit of such deductions equal to ten percent of adjusted gross income. The controversy involves deductions of two types. 1. Petitioner claimed a $300 deduction for "Unemployment (4 weeks)". Petitioner worked as a clerk for four different employers during 1963. She was unemployed for two weeks between her first and second jobs, and was similarly unemployed for two more weeks between her third and fourth jobs. She made no claim for unemployment compensation and received none. She claimed a $300 deduction for the four weeks of unemployment on the theory that she could have earned that amount if she had been employed. The Commissioner disallowed that deduction. We hold that he must be sustained. There is no basis whatever in the Internal Revenue Code for any such deduction. 2. Petitioner claimed deductions in the aggregate amount of $791 for "contributions" as follows: Convention (Boston)
$250.00
Church (Christian Scientist)
109.00
Office rent
360.00
Telephone
72.00
$791.00 The Commissioner disallowed $687 of the total $791 deducted, thus allowing $104. He now concedes that $109 is deductible, representing the contributions *127 to "Church (Christian Scientist)", but argues that the remaining components are not deductible. (In substance, the Commissioner's concession merely increases the allowance from $104 to $109, but this has no effect upon the deficiency, since the computation made under the tax table would not be affected by this concession.) The stipulation and evidence show that petitioner in 1950 became a member of the Mother Church of First Church of Christ Scientist, in Boston, Massachusetts, and has been a member of this church continuously since that time. In 1954 she took a two week course of primary class instruction in Christian Science. She is not a registered Christian Science practitioner and received no income from Christian Science activities at least during the years 1960, 1961, 1962, 1963, 1964, and 1965 up to the date of the hearing herein. In 1963 she attended the annual convention of the Mother Church in Boston and the $250 deduction claimed by her as "Convention (Boston)" represents expenses incurred in connection with that convention, consisting of air fare, lodging and cab fares. We agree with the Commissioner that there is no basis in the statute for this deduction. It represents *128 neither a contribution nor, on the record before us, is it an expense proximately related to the carrying on of any trade or business as a Christian Science practitioner. The $360 component designated "office rent" represents a portion of the rent which she paid for the apartment in which she resided. Her rent was $115 a month and she allocated $30 a month thereof, or a total of $360 for the entire year, for the room claimed by her to have been used in Christian Science activities. The record in respect of this item is vague and elusive. We cannot find that the Commissioner erred in disallowing this amount. The final component of the contributions deduction in issue is $72 for petitioner's telephone. This amount was petitioner's total apartment telephone bill for the year 1963. Here, too, we cannot find on the record before us that the Commissioner erred. It is not necessary to consider the remaining deductions claimed by petitioner since the standard deduction reflected in the tax table was more than sufficient to absorb them. Decision will be entered for the respondent.